FILED
JANUARY 31, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**In The United States District Court**
**Northern District Of Illinois, Eastern Division**

| | |
|---|---|
| William Haupt, Jr.  )  <br> ) <br> Plaintiff, ) <br> ) No. <br> vs. ) Judge <br> ) Magistrate Judge <br> American Family Mutual Insurance Company, ) <br> a Wisconsin Corporation, ) <br> ) <br> Defendant. ) <br> ) | |

**08 C 700**

**JUDGE ZAGEL**
**MAGISTRATE JUDGE SCHENKIER**

### Petition For Removal

Now Comes the defendant, American Family Mutual Insurance Company ("AFMIC"), a Wisconsin Corporation, by and through its attorneys, James M. Hofert and David Sorensen, of the law firm of Hinshaw & Culbertson LLP, and pursuant to 28 U.S.C. §§1441 and 1446, hereby files this Notice of Removal of the above-captioned case to the United States District Court for the Northern District of Illinois, Eastern Division, from the Circuit Court of Cook County, Illinois, County Department, Law Division, where the cause is currently pending, and states the following:

1. That on or about January 11, 2008, William Haput, Jr. filed a multiple count Complaint against AFMIC in the Circuit Court of Cook County, Illinois, County Department, Law Division. A true and accurate copy of the aforesaid Complaint is attached hereto and incorporated herein by reference as Exhibit "A."

2. The Complaint has not yet been served on the defendant, AFMIC, a Wisconsin Corporation.

3. This notice has been filed with the Clerk for the United States District Court within thirty (30) days of filing the Complaint by counsel for the defendant, AFMIC, in accordance with 28 U.S.C. §1446(b).

4. 28 U.S.C. §1441(b) provides as follows:

> (b) Any civil action of which district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

5. The United States District Court for the Northern District of Illinois, Eastern Division, has jurisdiction over the claims of William Haupt, Jr., as plaintiff, a resident of Lockport, Illinois.

6. AFMIC is a citizen of Dane County, Wisconsin as it is incorporated in Wisconsin and its principal place of business is in Madison, Wisconsin.

7. The damages sought by plaintiff exceed the jurisdictional amount as required by federal statute.

**Wherefore**, the defendant, American Family Mutual Insurance Company, a Wisconsin Corporation, respectfully requests that this cause proceed in this Court as an action properly removed to it.

Hinshaw & Culbertson LLP

By: _____
Attorneys for Defendant

James M. Hofert
David A. Sorensen
Hinshaw & Culbertson LLP
222 N. LaSalle Street, Suite 300
Chicago, IL 60601-1081
312-704-3000

20237

ATTORNEY CODE # 04771

STATE OF ILLINOIS     )
                      ) SS:
COUNTY OF COOK        )

## IN THE CIRCUIT COURT OF COOK, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

|  |  |
|---|---|
| WILLIAM HAUPT, JR., | ) |
| Plaintiff | ) |
|  | ) NO. |
| v. | ) |
| AMERICAN FAMILY INSURANCE COMPANY, | ) |
| Defendant | ) |

### COMPLAINT AT LAW

NOW COMES the Plaintiff, WILLIAM HAUPT, JR., by his attorneys, HORWITZ, HORWITZ & ASSOCIATES, LTD., and complaining of the Defendant, AMERICAN FAMILY INSURANCE COMPANY, alleges as follows:

1. That on or about and prior to June 5, 1999, the Defendant, AMERICAN FAMILY INSURANCE COMPANY (hereinafter "Defendant"), was authorized to issue motor vehicle insurance policies within the State of Illinois.

2. That on or about June 5, 1999, Michael E. Guzik, was a policyholder of a motor vehicle insurance policy, issued by Defendant.

3. That on or about June 5, 1999, Michael E. Guzik, was a policyholder of a motor vehicle insurance policy, policy number 07-659581-02, issued by Defendant.

4. That Defendant provided liability coverage to the policyholder, Michael E Guzik.

5. That the limits of liability for the aforesaid policy were $100,000.00 per person.

17. Defendant never requested that Plaintiff extend the amount of time in which to respond to Plaintiff's policy limit demand.

18. Defendant rejected Plaintiff's policy demand on or before May 2002.

19. Defendant rejected Plaintiff's policy demand by failing to respond to it.

20. Defendant never provided a written response to Plaintiff's policy demand.

21. In December 2002, Defendant's attorney in the Underlying Suit, James Priestly, spoke to Clifford Horwitz, counsel for Plaintiff, and offered the policy limits for the first time.

22. During said conversation in December 2002, Clifford Horwitz told Mr. James Priestly that Plaintiff had demanded the policy limits in March 2002.

23. During said conversation Mr. James Priestly responded that he received the policy demand in March of 2002.

24. During said conversation, Mr. James Priestly responded that the reason the policy limits had not been offered previously is because he had learned more about the medical damages in the case.

25. The policy limits were not offered in March or April of 2002 because Defendant believed the damages were not as serious as indicated by the evidence depositions of the treating physicians.

26. The policy limits were not offered in March or April of 2002 because Defendant believed there was no liability.

27. In March and/or April of 2002, Defendant knew that Plaintiff's injuries alone in the Underlying Suit could result in a jury verdict in excess of one million dollars, assuming the jury found the policyholder, Michael E. Guzik, liable.

28. In March and/or April 2002, Defendant did not accept Plaintiff's policy demand because defendant believed it did not have enough information in order to adequately evaluate the claim.

29. That the Underlying Suit was covered by the aforesaid policy.

30. That Defendant had a duty to act in good faith in responding to the settlement demand.

31. That Defendant failed to offer the policy limits before the jury trial in the Underlying Suit.

32. That the Underlying Suit was tried to verdict, and said verdict was returned in favor of Plaintiff and against the policyholder, Michael E. Guzik, in the amount of $1,750,000.00.

33. That said verdict was in excess of the limits of liability of the aforesaid policy.

34. That Plaintiff's demand for the policy limits was reasonable under the circumstances.

35. That Defendant failed to offer the policy limits before the jury trial in the Underlying Suit.

36. That Defendant rejected Plaintiff's demand for the full limits of the policy.

37. That Defendant had an adequate and reasonable opportunity to settle within the policy limits.

38. That Defendant failed to act in good faith in responding to Plaintiff's settlement demand.

39. That Defendant breached its duty to act in good faith in responding to Plaintiff's settlement demand in one or more of the following ways:

   a. Defendant ineffectively evaluated the potential liability of the policyholder, Michael E. Guzik, in the Underlying Suit;

b. Defendant inadequately evaluated the potential liability of the policyholder, Michael E. Guzik, in the Underlying Suit;

c. Defendant failed to adequately investigate Plaintiff's claim(s) in the Underlying Suit;

d. Defendant failed to effectively investigate Plaintiff's claim(s) in the Underlying Suit;

e. Defendant failed to adequately evaluate the risks of a verdict in excess of the policy limits in the Underlying Suit;

f. Defendant failed to adequately consider the risks of a verdict in excess of the policy limits in the Underlying Suit;

g. Defendant failed to adequately warn the policyholder, Michael E. Guzik, of the risk of a verdict in excess of the policy limits in the Underlying Suit;

h. Defendant failed to adequately learn the extent and severity of Plaintiff's injury(ies) in the Underlying Suit;

i. Defendant failed to adequately evaluate the extent and severity of Plaintiff's injury(ies) in the Underlying Suit;

j. Defendant failed to offer the policy limits within the time period allotted under the law;

k. Defendant rejected Plaintiff's offer to settle the Underlying Suit within the policy limits prior to judgment being entered against the policyholder, Michael E. Guzik;

l. Defendant failed to adequately request additional time to respond to Plaintiff's demand for the policy limits;

m. Defendant failed to adequately evaluate the liability risks and exposure risks to the policyholder, Michael E. Guzik, in the Underlying Suit;

n. Defendant failed to adequately and effectively evaluate and/or consider the interrelationship between liability and damages in evaluating the potential liability of the policyholder, Michael E. Guzik, in the Underlying Suit;

o. Defendant failed to adequately negotiate settlement of the Underlying Suit within the policy limits;

p. Defendant failed to adequately and properly consider the advice of its counsel;

q. Defendant failed to adequately and properly train its employees, agents, and/or attorneys to adequate evaluate the liability risks and exposure risks to its policyholders;

r. Defendant failed to have an adequate policy to correct and/or prevent each of the above allegations, a. through q.; and

s. Defendant failed to have an adequate policy of training to prevent each of the above allegations, a. through q.

40. That Plaintiff made a demand on Defendant to make payment of the full amount of the verdict in the Underlying Suit against the policyholder, Michael E. Guzik.

41. That Defendant has failed to make payment of the full amount of the verdict against the policyholder, Michael E. Guzik, including that portion of the verdict in excess of the limits of liability of the policy.

42. That one or more of the aforesaid acts and/or omissions of Defendant constitutes a breach of Defendant's duty to act in good faith in responding to Plaintiff's demand for the policy limits and demand to settle.

43. That the policyholder, Michael E. Guzik, has a cause of action against Defendant for its bad faith refusal to settle the Underlying Suit within the limits of liability of the policy.

44. That after the entry of the verdict in the Underlying Suit, after Plaintiff's demand on Defendant to make payment of the full amount of said verdict, and after Defendant's refusal to make payment of the full amount of said verdict the policyholder, Michael E. Guzik's, cause of action against Defendant for its bad faith refusal to settle was assigned to Plaintiff by Court Order. A copy of the Court Order is attached hereto as **Exhibit A.**

CCG N002-300M-2/28/05(43480658)

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

1 of 2

Haupt

v.

Guzik

No. 07 L 050039

EXHIBIT A

### ORDER

This matter coming before the Court on the Plaintiff, William Haupt's, Petition for an Order of Involuntary Execution of Assignment of the Defendant Michael Guzik's, Right of Action against American Family Insurance Company, his Insurance Carrier, the Court being fully advised in the premises, and due notice having been given to the Defendant, Michael Guzik, it is hereby ORDERED:

1) Plaintiff's Petition is granted;
2) Pursuant to Illinois Supreme Court Rule 277(h) and 735 ILCS 5/2-1402(c)(5) all of Defendant, Michael Guzik's claims, rights and/or causes of action or rights of action against American Family Insurance Company, or his Insurance Carrier, are assigned to William Haupt, JR, and to his mother and next friend, Barbara Haupt;

Atty. No.: 4771
Name: Jason / Horwitz
Atty. for: π
Address: 25 E. Washington #900
City/State/Zip: Chicago, IL 60602
Telephone: 312-372-8822

ENTERED:

Dated: _____

_____
Judge          Judge's No.

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

ORIGINAL - COURT FILE

20237

ATTORNEY CODE # 04771

STATE OF ILLINOIS       )
                        ) SS:
COUNTY OF COOK          )

## IN THE CIRCUIT COURT OF COOK, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| WILLIAM HAUPT, JR., | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) NO. |
| | ) |
| AMERICAN FAMILY INSURANCE COMPANY, | ) |
| | ) |
| Defendant | ) |

### SUPREME COURT RULE 222(b) AFFIDAVIT

1. The undersigned, Clifford W. Horwitz, does hereby state under oath and under penalty of perjury:

2. My name is Clifford W. Horwitz.

3. I represent the Plaintiff in the above captioned case.

4. I have conducted an investigation into this case.

5. The Plaintiff is seeking damages in excess of $50,000.

6. FURTHER AFFIANT SAYETH NOT

_____
Clifford W. Horwitz

HORWITZ, HORWITZ AND ASSOCIATES, LTD.
Attorneys at Law
25 E. Washington, Suite 900
Chicago, Illinois 60602
312-372-8822, fax (312)-372-1673

CCG N002-300M-2/28/05(43480658)

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

2 of 2

Haupt

v.

Guzik

No. 07 L 050039

### ORDER

3) Defendant Michael Guzik's claims, rights, and/or causes of action or rights of action against American Family Insurance or his insurance carrier include, but are not limited to, bad faith refusal to settle, breach of contract, and any and all other claims, rights, and/or causes of action or rights of action;

4) Plaintiff to serve a copy of this order

SO ORDERED without further notice.

Atty. No.: 41971
Name: Jason Horwitz
Atty. for: π
Address: 25 E. Washington #960
City/State/Zip: Chicago, IL 60603
Telephone: 312-372-8822

ENTERED
JUDGE F. WHITE - 0241
DEC 27 2007
DOROTHY BROWN
CLERK OF CIRCUIT COURT
COUNTY IL

Judge                                  Judge's No.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

20237

ATTORNEY CODE # 04771

| STATE OF ILLINOIS | ) |
|---|---|
| | ) SS: |
| COUNTY OF COOK | ) |

**IN THE CIRCUIT COURT OF COOK, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

| WILLIAM HAUPT, JR., | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) NO. |
| | ) |
| AMERICAN FAMILY INSURANCE COMPANY, | ) |
| | ) |
| Defendant | ) |

**JURY DEMAND**

The undersigned demands a jury trial.

_____
Clifford W. Horwitz
**Horwitz, Horwitz & Associates, Ltd.**
25 East Washington, Suite 300
Chicago, Illinois 60602
(312) 372-8822; Fax: (312) 372-1673

In The Circuit Court of Cook, Illinois
County Department – Law Division

| | |
|---|---|
| William Haupt, Jr. | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 2008 L 000320 |
| vs. | ) |
| | ) |
| American Family Mutual Insurance Company, | ) |
| a Wisconsin Corporation, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## Affidavit of Electronic Service

The undersigned being first duly sworn on oath deposes and says that he/she served the above and foregoing Defendant American Family Insurance Company's Petition for Removal. By way of electronic transmission to Clerk of the U.S. District Court, Northern District of Illinois, Eastern Division, 219 South Dearborn Street, Chicago, Illinois 60604 and to All Counsel of Record as listed below, at or before 5:00 p.m. on January 31, 2008.

| **Attorneys For Plaintiff** | Clifford W. Horwitz |
|---|---|
| **Telephone: 312/372-8822** | Horwitz Horwitz & Associates |
| **Fax:: 312/372-1673** | 25 East Washington Street, Suite 900 |
| cliff@horwitzlaw.com | Chicago, Illinois 60602 |

**Under 28 U.S.C. §1746, this declaration under penalty of perjury has the same force and effect as a sworn declaration made under oath.**

Hinshaw & Culbertson LLP

By: _____

James M. Hofert/David A. Sorensen
**Hinshaw & Culbertson LLP**
222 North LaSalle Street – Ste. 300
Chicago, Illinois 60601-1081
(312) 704-3000/Fax: (312) 704-3001
jhofert@hinshawlaw.com
dsorensen@hinshawlaw.com