## In The United States District Court
## Northern District Of Illinois, Eastern Division

| | |
|---|---|
| William Haupt, Jr. )  | |
| ) | |
| Plaintiff, ) | |
| ) | No. 82 C 700 |
| vs. ) | Judge James B. Zagel |
| ) | Magistrate Judge Sidney I. Schenkier |
| American Family Mutual Insurance ) | |
| Company, a Wisconsin Corporation, ) | |
| ) | |
| Defendant. ) | |
| ) | |

### Defendant's Answer to Plaintiff's Complaint at Law

NOW COMES the Defendant, American Family Mutual Insurance Company ("AFMIC"), a Wisconsin Corporation, by and through its attorneys, James M. Hofert and David Sorensen, of the law firm of Hinshaw & Culbertson LLP, and for its Answer to Plaintiff's Complaint at Law, states as follows:

1. That on or about and prior to June 5, 1999, the Defendant, American Family Insurance Company (hereinafter "Defendant"), was authorized to issue motor vehicle insurance policies within the State of Illinois.

**Answer:** This Defendant admits the allegations contained in Paragraph 1 of Plaintiff's Complaint at Law.

2. That on or about June 5, 1999, Michael E. Guzik, was a policyholder of a motor vehicle insurance policy, issued by Defendant.

**Answer:** This Defendant admits the allegations contained in Paragraph 2 of


EXHIBIT A

Plaintiff's Complaint at Law.

3. That on or about June 5, 1999, Michael E. Guzik, was a policyholder of a motor vehicle insurance policy, policy number 07-659581-02, issued by Defendant.

**Answer:** This Defendant admits the allegations contained in Paragraph 3 of Plaintiff's Complaint at Law.

4. That Defendant provided liability coverage to the policyholder, Michael E. Guzik.

**Answer:** This Defendant admits only that it provided liability coverage to Mr. Guzik pursuant to the terms of the aforementioned policy and denies all remaining allegations contained in Paragraph 4 of Plaintiff's Complaint at Law.

5. That the limits of liability for the aforesaid policy were $100,000.00 per person.

**Answer:** This Defendant admits the allegations contained in Paragraph 5 of Plaintiff's Complaint at Law.

6. That the limit of liability coverage was $100,000 as it pertained to the claim *Haupt v. Guzik*, Case Number 99-L-535.

**Answer:** This Defendant admits the allegations contained in Paragraph 6 of Plaintiff's Complaint at Law.

7. That on or about June 5, 1999, the aforesaid policy was in full force and effect.

**Answer:** This Defendant admits the allegations contained in Paragraph 7 of Plaintiff's Complaint at Law.

5950546v1 855998

6285821v1 824918

8. That on or about June 5, 1999, the policyholder, Michael E. Guzik, had paid all premiums then due and owing, and all other conditions of coverage had been satisfied by Michael E. Guzik or waived by Defendant.

**Answer:** This Defendant admits only that to its knowledge Mr. Guzik satisfied all premiums and conditions of coverage for the aforementioned policy and denies all remaining allegations contained in Paragraph 8 of Plaintiff's Complaint at Law.

9. That on the aforesaid date, the policyholder, Michael E. Guzik, was involved in an motor vehicle accident.

**Answer:** This Defendant admits the allegations contained in Paragraph 9 of Plaintiff's Complaint at Law.

10. Arising out of said motor vehicle accident, a lawsuit, Case Number 99-L-535 (hereinafter "the Underlying Suit"), was filed against the policyholder, Michael E. Guzik, by the Plaintiff, William Haupt, Jr. (hereinafter "Plaintiff"), alleging that Michael E. Guzik was negligent and liable for various injuries and damages.

**Answer:** This Defendant admits the allegations contained in Paragraph 10 of Plaintiff's Complaint at Law.

11. That the Underlying Suit was timely tendered to Defendant, which accepted the defense and retained counsel on behalf of the policyholder, Michael E. Guzik.

**Answer:** This Defendant admits the allegations contained in Paragraph 11 of Plaintiff's Complaint at Law.

5950546v1 855998
6285821v1 824918

12. That on or about March 28, 2002, Plaintiff's attorneys in the Underlying Suit imposed a demand on the policyholder, Michael E. Guzik, and Defendant to settle the Underlying Suit for an amount equal to the limits of liability of the aforesaid policy.

**Answer:** This Defendant admits only that it received a letter from Plaintiff on April 5, 2002 that was dated March 28, 2002, and denies that said letter constituted an unconditional demand. Other than admitted, this defendant denies all remaining allegations contained in paragraph 12 of Plaintiff's Complaint at Law.

13. In March 2002, Defendant by and through its attorneys received Plaintiff's policy demand of $100,000.00 to settle the Underlying Suit.

**Answer:** This Defendant admits only that it received a letter from Plaintiff on April 5, 2002 that was dated March 28, 2002, and denies that said letter constituted an unconditional demand. Other than admitted, this defendant denies all remaining allegations contained in paragraph 13 of Plaintiff's Complaint at Law.

14. In April 2002, Defendant, by and through its attorneys were in receipt of Plaintiff's policy demand of $100,000.00 to settle the Underlying Suit.

**Answer:** This Defendant admits only that it received a letter from Plaintiff on April 5, 2002 that was dated March 28, 2002, and denies that said letter constituted an unconditional demand. Other than admitted, this defendant denies all remaining allegations contained in paragraph 14 of Plaintiff's Complaint at Law.

15. Defendant failed to respond to Plaintiff's policy demand at any time in the year 2002.

**Answer:** Notwithstanding that said March/April 2002 letter by Plaintiff did

4

not constitute an unconditional demand, this Defendant denies the allegations contained in Paragraph 15 of Plaintiff's Complaint at Law.

16. Defendant first offered to pay the policy limits during the trial of the Underlying Suit.

**Answer:** This Defendant denies the allegations contained in Paragraph 16 of Plaintiff's Complaint at Law.

17. Defendant never requested that Plaintiff extend the amount of time to which to respond to Plaintiff's policy limit demand.

**Answer:** Notwithstanding that said March/April 2002 letter by Plaintiff did not constitute an unconditional demand, this Defendant denies the allegations contained in Paragraph 17 of Plaintiff's Complaint at Law.

18. Defendant rejected Plaintiff's policy demand on or before May 2002.

**Answer:** Notwithstanding that said March/April 2002 letter by Plaintiff did not constitute an unconditional demand, on or about May 14, 2002, the demand was rejected pending further investigation in light of the fact that the information of the Defendant at that time supported that Mr. Guzik, its insured, was not liable and questions continued in regard to the nature and extent of the injuries and/or damages suffered by the Plaintiff.

19. Defendant rejected Plaintiff's policy demand by failing to respond to it.

**Answer:** Notwithstanding that said March/April 2002 letter by Plaintiff did not constitute an unconditional demand, this Defendant denies the allegations contained in Paragraph 19 of Plaintiff's Complaint at Law.

5950546v1 855998

6285821v1 824918

20.  Defendant never provided a written response to Plaintiff's policy demand.

**Answer:** Notwithstanding that said March/April 2002 letter by Plaintiff did not constitute an unconditional demand, this Defendant, on or about December 2, 2002, made an oral and written offer of policy limits. Other than admitted, this Defendant denies all remaining allegations contained in Paragraph 20 of Plaintiff's Complaint at Law.

21.  In December 2002, Defendant's attorney in the Underlying Suit, James Priestly, spoke to Clifford Horwitz, counsel for Plaintiff, and offered the policy limits for the first time.

**Answer:** This Defendant admits only that on December 2, 2002 Defendant's attorney in the Underlying Suit, James Priestley, via oral and written communication, offered the policy limits to Plaintiff's attorney in the Underlying Suit. This defendant denies all remaining allegations contained in Paragraph 21 of Plaintiff's Complaint at Law..

22.  During said conversation in December 2002, Clifford Horwitz told Mr. James Priestly that Plaintiff had demanded the policy limits in March 2002.

**Answer:** This Defendant denies the allegations contained in Paragraph 22 of Plaintiff's Complaint at Law.

23.  During said conversation Mr. James Priestly responded that he received the policy demand in March of 2002.

**Answer:** This Defendant denies the allegations contained in Paragraph 23 of Plaintiff's Complaint at Law.

6

24. During said conversation, Mr. James Priestly responded that the reason the policy limits had not been offered previously is because he had learned more about the medical damages in the case.

**Answer:** This Defendant admits only that one of the multiple reasons policy limits were not offered in March or April of 2002 was that the damages were not believed to be as serious as alleged by the Plaintiff and questions concerning liability continued to be present; and that the case was still under investigation at that time. This defendant otherwise denies the remaining allegations contained in paragraph 24 of Plaintiff's Complaint at Law.

25. The policy limits were not offered in March or April 2002 because Defendant believed the damages were not as serious as indicated by the evidence depositions of the treating physicians.

**Answer:** This Defendant denies the allegations contained in paragraph 25 of Plaintiff's Complaint at Law and repeats its answer to paragraph 24 in response to paragraph 25 of Plaintiff's Complaint at Law.

26. The policy limits were not offered in March of April of 2002 because Defendant believed there was no liability.

**Answer:** This Defendant admits that it believes that its insured had a liability defense but further states that the cased continued to be under investigation at that time.

27. In March and/or April of 2002, Defendant knew that Plaintiff's injuries alone in the Underlying Suit could result in a jury verdict in excess of one million

7

dollars, assuming the jury found the policyholder, Michael E. Guzik, liable.

**Answer:** This Defendant denies the allegations contained in Paragraph 27 of Plaintiff's Complaint at Law.

28. In March and/or April 2002, Defendant did not accept Plaintiff's policy demand because defendant believed it did not have enough information in order to adequately evaluate the claim.

**Answer:** Notwithstanding that said March/April 2002 letter by Plaintiff did not constitute an unconditional demand, this Defendant denies the allegations contained in paragraph 28 of Plaintiff's Complaint at Law and repeats its answer to paragraph 24 in response to paragraph 28 of Plaintiff's Complaint at Law.

29. That the Underlying Suit was covered by the aforesaid policy.

**Answer:** This Defendant admits that the Underlying Suit was covered by the aforesaid policy but limited by the coverage set out in the policy. The defendant otherwise denies the remaining allegations contained in Paragraph 29 of Plaintiff's Complaint at Law.

30. That Defendant had a duty to act in good faith in responding to the settlement demand.

**Answer:** This Defendant moves to strike Paragraph 30 of Plaintiff's Complaint at Law in that it seeks to set forth a conclusion of law rather than a factual allegation, and improperly invades the province of the court and jury; without waiving said objections, this Defendant admits only those duties imposed by law, and specifically denies having breached any duty to the Plaintiff.

5950546v1 855998

6285821v1 824918

31.   That Defendant failed to offer the policy limits before the jury trial in the Underlying Suit.

**Answer:**   This Defendant denies the allegations contained in Paragraph 31 of Plaintiff's Complaint at Law.

32.   That the Underlying Suit was tried to verdict, and said verdict was returned in favor of Plaintiff and against the policyholder, Michael E. Guzik, in the amount of $1,750,000.00.

**Answer:**   This Defendant admits the allegations contained in Paragraph 32 of Plaintiff's Complaint at Law.

33.   That said verdict was in excess of the limits of liability of the aforesaid policy.

**Answer:**   This Defendant admits the allegations contained in Paragraph 33 of Plaintiff's Complaint at Law.

34.   That Plaintiff's demand for the policy limits was reasonable under the circumstances.

**Answer:**   Notwithstanding that said March/April 2002 letter by Plaintiff did not constitute an unconditional demand, this Defendant denies the allegations contained in Paragraph 34 of Plaintiff's Complaint at Law.

35.   That Defendant failed to offer the policy limits before the jury trial in the Underlying Suit.

**Answer:**   This Defendant denies the allegations contained in Paragraph 35 of Plaintiff's Complaint at Law.

5950546v1 855998

6285821v1 824918

36. That Defendant rejected Plaintiff's demand for the full limits of the policy.

**Answer:** This Defendant does not believe that Plaintiff's March or April 2002 letter constituted an unconditional demand but further admits that this defendant offered the policy limits on December 2, 2002. This defendant otherwise denies all remaining allegations contained in Paragraph 36 of Plaintiff's Complaint at Law.

37. That Defendant had an adequate and reasonable opportunity to settle within the policy limits.

**Answer:** Notwithstanding that said March/April 2002 letter by Plaintiff did not constitute an unconditional demand, this Defendant denies the allegations contained in Paragraph 37 of Plaintiff's Complaint at Law.

38. That Defendant failed to act in good faith in responding to Plaintiff's settlement demand.

**Answer:** This Defendant denies the allegations contained in Paragraph 38 of Plaintiff's Complaint at Law.

39. That Defendant breached its duty to act in good faith in responding to Plaintiff's settlement demand in one or more of the following ways:

   a. Defendant ineffectively evaluated the potential liability of the policyholder, Michael E. Guzik, in the Underlying Suit;

   b. Defendant inadequately evaluated the potential liability of the policyholder, Michael E. Guzik, in the Underlying Suit;

   c. Defendant failed to adequately investigate Plaintiff's claim(s) in the Underlying Suit;

   d. Defendant failed to effectively investigate Plaintiff's claim(s) in the Underlying Suit;

10

e. Defendant failed to adequately evaluate the risks of a verdict in excess of the policy limits in the Underlying Suit;

f. Defendant failed to adequately consider the risks of a verdict in excess of the policy limits in the Underlying Suit;

g. Defendant failed to adequately warn the policyholder, Michael E. Guzik of the risk of a verdict in excess of the policy limits in the Underlying Suit;

h. Defendant failed to adequately learn the extent and severity of Plaintiff's injury(ies) in the Underlying Suit;

i. Defendant failed to adequately evaluate the extent and severity of Plaintiff's injury(ies) in the Underlying Suit;

j. Defendant failed to offer the policy limits within the time period allotted under the law;

k. Defendant rejected Plaintiff's offer to settle the Underlying Suit within the policy limits prior to judgment being entered against the policyholder, Michael E. Guzik;

l. Defendant failed to adequately request additional time to respond to Plaintiff's demand for the policy limits;

m. Defendant failed to adequately evaluate the liability risks and exposure risks to the policyholder, Michael E. Guzik, in the Underlying Suit;

n. Defendant failed to adequately and effectively evaluate and/or consider the interrelationship between liability and damages in evaluating the potential liability of the policyholder, Michael E. Guzik, in the Underlying Suit;

o. Defendant failed to adequately negotiate settlement of the Underlying Suit within the policy limits;

p. Defendant failed to adequately and properly consider the advice of its counsel;

q. Defendant failed to adequately and properly train its employees, agents, and/or attorneys to adequate evaluate the liability risks and exposure risks to its policyholders;

11

5950546v1 855998

6285821v1 824918

    r.    Defendant failed to have an adequate policy to correct and/or prevent each of the above allegations, a through q; and

    s.    Defendant failed to have an adequate policy of training to prevent each of the above allegations, a through q.

**Answer:** This Defendant denies the allegations contained in Paragraph 39 of Plaintiff's Complaint at Law.

40. That Plaintiff made a demand on Defendant to make payment of the full amount of the verdict in the Underlying Suit against the policyholder, Michael E. Guzik.

**Answer:** This Defendant lacks sufficient knowledge of allegations contained in Paragraph 40 of Plaintiff's Complaint at Law and therefore neither admit nor deny same, but demands strict proof thereof.

41. That Defendant has failed to make payment of the full amount of the verdict against the policyholder, Michael E. Guzik, including that portion of the verdict in excess of the limits of liability of the policy.

**Answer:** This Defendant has tendered policy limits and interest since the date of judgment on numerous occasions and plaintiff's counsel has allowed said checks to go stale. This defendant denies any duty to tender full amount of the verdict and therefore denies all remaining allegations contained in Paragraph 41 of Plaintiff's Complaint at Law.

42. That one or more of the aforesaid acts and/or omissions of Defendant constitutes a breach of Defendant's duty to act in good faith in responding to Plaintiff's demand for the policy limits and demand to settle.

5950546v1 855998

6285821v1 824918

**Answer:** This Defendant denies the allegations contained in Paragraph 42 of Plaintiff's Complaint at Law.

43. That the policyholder, Michael E. Guzik, has a cause of action against Defendant for its bad faith refusal to settle the Underlying Suit within the limits of liability of the policy.

**Answer:** This Defendant denies the allegations contained in Paragraph 43 of Plaintiff's Complaint at Law.

44. That after the entry of the verdict in the Underlying Suit, after Plaintiff's demand on Defendant to make payment of the full amount of said verdict, and after Defendant's refusal to make payment of the full amount of said verdict, the policyholder, Michael E. Guzik's, cause of action against Defendant for its bad faith refusal to settle was assigned to Plaintiff by Court Order. A copy of the Court Order is attached hereto as Exhibit A.

**Answer:** This Defendant denies the allegations contained in Paragraph 44 of Plaintiff's Complaint at Law.

45. That the present matter is filed and brought by Plaintiff against Defendant based upon the assignment of the policyholder, Michael E. Guzik's cause of action against Defendant for its bad faith refusal to settle by Court Order to Plaintiff.

**Answer:** This Defendant denies the allegations contained in Paragraph 45 of Plaintiff's Complaint at Law.

46. That as a direct and proximate result of one or more of the aforesaid acts and/or omission of Defendant, the policyholder, Michael E. Guzik, was caused to suffer

5950546v1 855998

6285821v1 824918

damages as hereinafter mentioned.

**Answer:** This Defendant denies the allegations contained in Paragraph 46 of Plaintiff's Complaint at Law.

47. That as a direct and proximate result of one or more of the aforesaid acts and/or omissions of Defendant, the policyholder, Michael E. Guzik, was caused to incur liabilities in the form of money damages, and attorneys' fees and costs far in excess of the limits of liability of the policy.

**Answer:** This Defendant denies the allegations contained in Paragraph 47 of Plaintiff's Complaint at Law.

**Wherefore,** the defendant, American Family Mutual Insurance Company, a Wisconsin Corporation, by and through its attorneys, Hinshaw & Culbertson LLP, prays this Court dismiss Plaintiff's Complaint at Law, without damages to Plaintiff and for costs assessed against Plaintiff in favor of American Family Mutual Insurance Company, and for any further relief the court deems just and proper.

## Separate And First Affirmative Defense

Now Comes the defendant, **American Family Mutual Insurance Company**, by and through its attorneys, **Hinshaw & Culbertson LLP**, and for its Separate and Affirmative Defenses, states as follows:

This Defendant asserts as its First Affirmative Defense that the Plaintiff does not have standing in this Court to maintain a bad faith action against this Defendant, in that the Cook County Circuit Court did not have proper personal jurisdiction over the policyholder, Michael Guzik, nor proper subject matter jurisdiction over the Michael

5950546v1 855998
6285821v1 824918

Guzik's perspective bad faith action, sufficient to confer authority to the court to enter its order making an involuntary assignment of Michael E. Guzik's perspective bad faith action against this Defendant to the Plaintiff. The invalid procedure used to secure the involuntary assignment of the cause of action against this Defendant, where proper service was not obtained against Michael E. Guzik, and said policyholder was never properly before the Cook County Circuit Court, rendered any order of involuntary assignment issued by that court void.

## Separate And Second Affirmative Defense

This Defendant asserts as its Second Affirmative Defense, that, upon information and belief, Plaintiff's Complaint is otherwise subject to doctrines of waiver and estoppel by reason of conduct by the plaintiff.

## Separate And Third Affirmative Defense

This Defendant asserts for its third Affirmative Defense that Plaintiff's Complaint is otherwise barred by the applicable statute of limitations.

**Wherefore,** defendant American Family Mutual Insurance Company, by and through its attorneys Hinshaw & Culbertson LLP, moves this Honorable Court for dismissal of this case and for further relief as the Court deems just.

5950546v1 855998

6285821v1 824918

                        Respectfully Submitted,

                        **Hinshaw & Culbertson LLP**

                By:    _/s/James M. Hofert_
                        Attorneys for Defendant
                        **American Family Mutual Insurance Company**

James M. Hofert
David A. Sorensen
**Hinshaw & Culbertson LLP**
222 N. LaSalle Street, Suite 300
Chicago, IL 60601-1081
312-704-3000/Fax: 312 704-3001
jhofert@hinshawlaw.com
dsorensen@hinshawlaw.com

5950546v1 855998
6285821v1 824918

## Affidavit of Insufficient Knowledge

**James M. Hofert**, being first duly sworn upon oath, deposes and states that he is one of the attorneys for the defendants herein, that he has read the above and foregoing answer to Plaintiff's Amended Complaint at Law, and the statements that the defendants do not have sufficient knowledge with which to form a belief as to the truth of certain of the allegations contained in plaintiff's Amended Complaint are true and correct.

Under 28 U.S.C. §1746, this declaration under penalty of perjury has the same force and effect as a sworn declaration made under oath.

/s/ James M. Hofert
**James M. Hofert**

5950546v1 855998

6285821v1 824918